March 12, 2019

The Honorable Joan M. Barack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

Re: Darnel Powell v. N.Y. State Department. of Education.
Index No. 2:18-CV 7022-JMA-GRB

Dear Judge Azrack:

I write as Pro Se Plaintiff with respect to the above-captioned matter. As expected I am taking time to respond to Robert E. Morelli, Assistant Attorney General letter dated January 23, 2019. He described a compelling argument to rebuke my reasons for my case to be heard by this court. However, Mr. Morelli neglected to properly state the facts in chronical order as they occurred. Not to mention, the State Education Department stated on record that they never conducted a SED investigation. Additionally, SED further stated they made their final decision based on the findings of the Westbury School District administrative investigation and (3020a) hearing instead of their own which was never administered.

At a hearing, the State Education Department hearing officer ruled to revoke my teaching license(s) indefinitely; after the Westbury School District terminated my employment at a prior (3020a) administrative hearing. During the hearing, I command the SED to have the assigned investigative officer attend the hearing. Unfortunately, the investigative officer was no longer employed with the department. Further, I directed the state to present the investigative officer's notes, file and all ancillary material(s) that pertained to my case however to learn these items did not exist.

A couple of months later, several witnesses reached out to provide material information regarding my case. With this new information New York State Education Commissioner, granted a new Part 83 hearing with the SED (without constraints). However, during the hearing, the hearing officer refused to follow the commissioner's instructions and would not allow all witnesses to give their testimony as it pertained to my "character" professionally and socially.

Thereafter, I contacted Eric Schneiderman, New York State Attorney General who agreed and granted another Part 83 hearing again based on the new material information. During this Part 83 hearing, again the hearing officer refused to conduct a proper hearing as instructed in writing by the Attorney General. She conducted an abbreviated hearing instead. In other words, I was allowed to have only two witnesses give their testimony on the record, for the record. Other collaborating witnesses appeared and waited to testify and again were not allowed nor seen. However the hearing officer ruled against me because the two plaintiffs verbally indicated to witness

#1 that they had lied. Then the plaintiffs stated on the record at a federal deposition that I (Darnel Powell) never confronted either of them sexually or otherwise at any time. Additionally, witness #2 whom was a school board trustee at that time of this dedespicable act stated that I (Darnel Powell) was "Railroaded" by the other(s) school board trustees and the teachers' union officials for personal reasons.

At this point, it was obvious to me that I (Darnel Powell) was never going to get the proper "Due Process" on the State Level. Therefore, I (Darnel Powell) filed my case with the Federal Court. To later learn, without my knowledge and approval that my previous attorney Steven Morelli submitted a document (with prejudice) to the Westbury School District's attorney stating that I (Darnel Powell) will not file a complaint against them. This information was brought to my attention by my present attorney who filed the initial Federal complaint. Moreover, Mr. Steven Morelli is currently incarcerated for unscrupulous practices and stealing his clients' award money. It should be noted that, Mr. Steven Morelli routinely would have me (Darnel Powell) read the final draft of a document on day 1. Then, I would meet with his Notary and sign the verification form without the final document attached on day 2. Now, I (Darnel Powell) am totally convinced that Mr. Steven Morelli used a prior signed verification form then attached it to the said letter to cut a deal for personal gain.

In summary, SED never conducted a proper "due process" hearing from the onset. At the initial hearing, the plaintiffs did not appear nor were they subpoenaed. With that said, I (Darnel Powell) never met my accusers at the SED investigative level. Furthermore, SED was not able to provide one shred of investigative documents or notes alike at the discovery process, hearing and thereafter. The SED stated on the record that their decision to revoke my license(s) were due to the Westbury School District's (3020a) hearing only and not their own. Regarding the document written by Steven Morelli, he was not authorized to do so by me. Mr. Steven Morelli was hired to represented me and fight against the school district for terminating my employment with school district. To stop fighting, after the plaintiffs cleared my name and reputation on the record at the Federal deposition meeting clearly indicates my "rogue" attorney had a hidden agenda. I (Darnel Powell) have been fighting this life journey of justice in defense of my career for the past ten years and exhausted all of my savings to prove my innocence. I would appreciate if the court would grant me the proper "due process" according to the law and allow my case to be heard without the notion of dismissal.

Very truly yours,

Darnel Powell

CC: Robert E. Morelli
    Assistant Attorney General
    300 Motor Parkway, Suite 230
    Hauppauge, NY 11788

# AFFIDAVIT OF SERVICE

State of New York )
County of  Nassau )

The undersigned being duly sworn, deposes and says:

__Angela J. Powell__ is not a party to the action, is over
(name of person serving papers)

18 years of age and resides at __244-18 130th Avenue__
__Rosedale, NY 11422__
(complete address of person serving papers)

That on __March 15, 2019__, deponent served the within
(date of service)
__Darnel Powell v. N.Y. State Department of Education__
(name of document[s] served)

upon __Honorable Joan M. Barack - United States District Court Eastern District of New York 100 Federal Plaza__ located at __Central Islip NY 11722__
(name of person/corporation served)

__Robert E. Morelli Assistant Attorney General 300 Motor Parkway, Suite 230 Hauppauge NY 11788__
(complete address where other party/corporation served)

(Select method of service)

____ Personal Service: by delivering a true copy of the aforesaid documents personally: deponent knew said person/corporation so served to be the person/corporation described.

✓ Service by Mail: by depositing a true copy of the aforesaid documents in a postpaid properly addressed envelope m a post office or official depository under the exclusive care and custody of the United States Postal Service.

Robert E. Morelli
Assistant Attorney General
300 Motor Parkway, Suite 230
Hauppauge, NY 11788

_Angela J. Powell_
Signature of person serving papers

_Angela J. Powell_
Printed Name

Sworn to before me this __15th__
day of __March 2019__

_Sandra Hedge_
Notary Public

SANDRA M HEDGE
Notary Public - State of New York
NO. 01HE6247875
Qualified in Nassau County
My Commission Expires 9/6/2019

United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722
Honorable Joan M. Barack

Darrell Powell
P.O. Box 308
Huntington St &  
New York 11746

U.S. POSTAGE PAID
FCM LETTER
DEER PARK, NY
11729
MAR 15, 19
AMOUNT
**$6.85**
R2304M112820-05

7018 1130 0001 9956 4588

RECEIVED
OFFICE
E.D.N.Y.
MAR 18 2019
LONG ISLAND OFFICE

United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

Re: 11722-443500 Honorable Joan M. Azrack