UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DARNEL POWELL,

                Plaintiff,

    - against -

NEW YORK STATE DEPARTMENT OF
EDUCATION,

                Defendant.
-------------------------------------------------------------------X

**MEMORANDUM & ORDER**
18-CV-7022 (RRM) (PK)

ROSLYNN R. MAUSKOPF, United States District Judge.

     Plaintiff Darnel Powell filed this *pro se* action on December 7, 2018, against the New

York State Department of Education ("SED") pursuant to 42 U.S.C. § 1983, alleging, *inter alia*,

violations of his right to due process under the Fourteenth Amendment of the United States

Constitution.  Powell's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 is

granted for the purposes of this Order only.  For the reasons set forth below, the complaint is

dismissed.

## BACKGROUND

     The following facts are drawn from the complaint and are assumed true for the purposes

of this Order.  Powell was formerly employed as a tenured middle school principal by the

Westbury School District in Nassau County, a position he held beginning in 2003.  (Compl.

(Doc. No. 1) at ¶¶ 5, 15.)  During the 2008–2009 school year, two employees of Westbury

Middle School – Lisa Maldonado, a guidance counselor, and Ann Alexander, a teacher – alleged

that they were sexually harassed by Powell.  (*Id.* at ¶¶ 24, 25.)  Maldonado filed a notice of claim

and complaint with the school district, and Alexander "follow[ed] suit shortly thereafter."  (*Id.* at

¶¶ 28, 58, 59.)

The Westbury School District investigated Maldonado's allegations internally through its Title IX Compliance Officer, who concluded that the evidence was insufficient to support a finding of sexual harassment. (*Id.* at ¶ 34.) The school then appointed a law firm to serve as an independent investigator. (*Id.* at ¶¶ 38, 39.) As a result of that investigation, the district charged Powell with several counts of misconduct and suspended him from his tenured position. (*Id.* at ¶ 44.)[1]

## I.    § 3020-a Hearing

The SED filed disciplinary charges against Powell pursuant to New York Education Law § 3020-a.[2] (*Id.* at ¶ 46.) On January 13, 2010, a hearing was conducted by arbitrator Bonnie Weinstock. (*Id.* at ¶ 47.) Both Maldonado and Alexander testified. (*Id.* at ¶ 48.) Weinstock issued an Opinion and Award on August 7, 2010, finding that Powell was guilty of misconduct, including sexual harassment and improper sexual contact. (*Id.* at ¶¶ 101, 103, 104, 106.)

Powell moved to vacate the arbitrator's finding through a petition filed in the Supreme Court of the State of New York, Nassau County, pursuant to Article 75 of the New York Civil Practice Law and Rules. *See* N.Y. C.P.L.R. § 7511. He alleged, among other things, that the decision was arbitrary and capricious and that the arbitrator was biased. The Supreme Court denied Powell's petition and confirmed the arbitrator's award on October 25, 2010. *See Powell v. Bd. of Educ. of the Westbury Union Free School Dist.*, No. 16108/10, 2010 WL 9049342

---

[1] The chronology is not entirely clear from the complaint. At one point, Powell alleges that the independent investigation commenced in January 2009, (Compl. at ¶ 39), and that § 3020-a proceedings, discussed *infra*, began in January 2010. (*Id.* at ¶ 46.) At another point in the complaint, Powell alleges that § 3020-a charges were filed against him in 2008. (*Id.* at ¶ 5.) The complaint does not indicate when Powell was suspended from his position at the school. Powell also alleges that he did not learn about Alexander's allegations until after he was suspended. (*Id.* at ¶ 43.)

[2] § 3020-a enables the filing of disciplinary charges against tenured employees, which may result in a hearing imposing a range of penalties, including termination. N.Y. Educ. Law § 3020-a. The hearings are "quasi-judicial administrative actions." *Burkybile v. Bd. of Educ. of Hastings-on-Hudson Union Free Sch. Dist.*, 411 F.3d 306, 308 (2d Cir. 2005).

(N.Y. Sup. Ct. Oct. 25, 2010); *reargument denied*, 2011 WL 9559642 (N.Y. Sup. Ct. Jan. 14, 2011).[3] The Appellate Division, Second Department affirmed, observing that Powell's argument was "in essence, that the arbitrator's determination was arbitrary and capricious because the arbitrator did not resolve issues of credibility in his favor." *Powell v. Bd. of Educ. of Westbury Union Free Sch. Dist.*, 938 N.Y.S.2d 123, 125 (2d Dep't 2012). The Second Department explained that where evidence is "conflicting and room for choice exists," the court "may not weigh the evidence or reject the choice made by the arbitrator." *Id.* (internal quotation marks omitted) (citation omitted).

## II.    Part 83 Hearing

On June 27, 2011, a "Notice of Substantial Question of Moral Character" was issued pursuant to Part 83 of the Regulations of the Commissioner of Education ("the Commissioner"). *See* N.Y. Comp. Codes R. & Regs. tit. 8, § 83.1. (Compl. at ¶ 101.) A hearing was conducted on July 26, 2012. (*Id.* at ¶ 105.) The SED introduced the § 3020-a Opinion & Award, and the Part 83 hearing officer granted the findings therein "collateral effect." (*Id.* at ¶¶ 106–07.) The hearing officer issued a decision on October 7, 2012, finding that Powell engaged in inappropriate conduct with Maldonado and Alexander, evidencing a clear lack of good moral character. (*Id.* at ¶ 108.) The officer recommended that Powell's teaching certificates be revoked and his applications for further certificates be denied. (*Id.* at ¶ 108.) On July 19, 2013, the Commissioner revoked Powell's permanent teaching license. (*Id.* at ¶ 10.)

---

[3] Rule 201(b) of the Federal Rules of Evidence permits courts to take judicial notice of certain facts that are "not subject to reasonable dispute," in that they are either (1) "generally known within the trial court's territorial jurisdiction," or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). "Judicial notice may encompass the status of other lawsuits in other courts and the substance of papers filed in those actions." *Johnson v. Levy*, 812 F. Supp. 2d 167, 176 (E.D.N.Y. 2011) (internal quotation marks omitted) (citation omitted). However, judicial notice of court filings is taken for the limited purpose of establishing "the fact of such litigation and related filings," not for "the truth of the matters asserted . . . ." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (citation omitted); *see also Glob. Network Commc'ns Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

Powell subsequently initiated a proceeding pursuant to Article 78 of the New York Civil Practice Law and Rules, challenging the decision to revoke his teaching license based on newly discovered evidence or information. (*Id.* at ¶¶ 10, 110.) The SED agreed to review Powell's case, and on October 26, 2015, the Commissioner remanded the case, in part, to a Part 83 hearing officer for consideration of the newly proffered information. (*Id.* at ¶¶ 110–11.) Powell's second Part 83 hearing occurred on July 26 and September 29, 2016. (*Id.* at ¶ 112.) On February 24, 2017, the Commissioner issued an order upholding the decision to revoke Powell's teaching license. (*Id.* at ¶ 112.) Powell asserts that the second Part 83 hearing was "rife with procedural defects," including that he was not permitted to present moral character witnesses. (*Id.* at ¶¶ 10, 112, 118.) He does not allege that he challenged the result of the hearing in state court.

## III.   The Complaint

On December 7, 2018, Powell filed the instant complaint. Powell generally alleges that he was improperly terminated and his teaching license was unfairly revoked, raising questions about the impartiality of the school's investigation and the "motive and timing" of the sexual harassment claims. (*Id*. at 39–41.) He contends that Alexander's claims were fabricated, that Maldonado made accusations shortly after she received unsatisfactory performance reviews, and that both individuals had a "pecuniary interest in the outcome of the proceedings" because they brought civil suits against Powell and the school district. (*Id*. at ¶¶ 23, 28, 29, 60, 61.)[4]

---

[4] The Court takes judicial notice of two civil actions filed by Maldonado and Alexander: *Maldonado v. Westbury Union Free School District et al.*, 10-CV-42 (SJF) (AKT), and *Alexander v. Westbury Union Free School District, et al.*, 10-CV-606 (SJF) (WDW). The Court references these cases solely to observe their existence, not for the truth of the matters asserted. *See Hargrove v. N.Y.C. Sch. Const. Auth.*, No. 11-CV-6344 (CBA) (LB), 2013 WL 2285173, at *4 (May 23, 2013) (taking judicial notice of related actions filed by parties (citing cases)).

Powell's primary claim in this action is that his § 3020-a and Part 83 hearings violated his right to substantive and procedural due process under the Fourteenth Amendment. (*Id*. at ¶¶ 1, 15.) He contends that the decisions were not based on substantial, credible evidence; that the § 3020-a hearing officer failed to accord appropriate weight to the inconsistent testimony of SED's witnesses; and that he was deprived of an "impartial and unbiased" hearing.[5] (*Id*. at ¶¶ 1, 76, 82, 90–98, 100, 116.) Powell asserts that the application of collateral estoppel in his first Part 83 hearing "virtually eliminat[ed] [his] ability to challenge the evidence and witnesses' credibility," and precluded him from offering his own witnesses. (*Id.* at ¶ 107.)[6]

Powell also poses a facial challenge to § 3020, arguing that the law itself violates the Equal Protection and Due Process Clauses of the Constitution, in part because it "relies on rules provided by the commissioner" and provides no mechanism for testing the credibility of witnesses or the quality of evidence. (*Id.* at ¶¶ 2, 52, 56.)

Powell seeks to recover "unpaid back wages" and damages, including liquidated damages. (*Id*.) He also requests injunctive relief, though he does not specify what injunctive relief he seeks, as well as an order declaring that the Commissioner's decision to revoke his teaching license violated his right to due process. (*Id*. at 38–39.)

## STANDARD OF REVIEW

---

[5] Powell contends that both Maldonado and Alexander testified at the § 3020-a hearing in an internally inconsistent manner, and that their testimony at the hearing conflicted with deposition testimony given in the related federal lawsuits. (Compl. at ¶¶ 69, 89.) In particular, Powell alleges, *inter alia*, that Maldonado gave "vague" testimony about when the alleged harassment began; whether she thought her performance reviews were fair; and her romantic relationship with another individual. (*Id.* at ¶¶ 70–79.) He also asserts that Maldonado's representation that she was intimidated by Powell and tried to avoid him conflicted with her testimony that she supported his application for tenure, visited his office alone, flirted with him, and gave him a gift. (*Id.* at ¶¶ 62–68.) Powell asserts that Alexander's testimony was "contradictory," as she testified that she was "intimidated" by him and avoided him, but later wrote a letter praising his leadership. (*Id.* at ¶¶ 81–89.)

[6] Part 83.4(c) permits the subject individual to produce witnesses and affidavits as proof of the individual's good moral character. *See* N.Y. Comp. Codes R. & Regs. tit. 8, § 83.4(c).

The Court reviews the complaint *sua sponte* pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915. In reviewing the complaint, the Court is mindful that *pro se* submissions are held to "less stringent standards than formal pleadings drafted by attorneys." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is required to read the *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *See id.*; *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012). At the pleadings stage of the proceeding, the Court assumes the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 680 (2009)), *aff'd*, 569 U.S. 108 (2013). However, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint, or any portion thereof, if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### I.    Eleventh Amendment Immunity

States enjoy sovereign immunity from suit in federal court pursuant to the Eleventh Amendment of the United States Constitution. *See Harrison v. New York*, 95 F. Supp. 3d 293, 314 (E.D.N.Y. 2015). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Woods v. Roundout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (internal quotation marks omitted) (citation omitted). Accordingly, state agencies or employees cannot be sued in federal court in their official capacities, absent the state's consent or an express statutory waiver of immunity by Congress. *See Gollomp v. Spitzer*, 568 F.3d 355,

6

365–66 (2d Cir. 2009); *Holmes v. Caliber Home Loans, Inc.*, No. 16-CV-3344 (KMK), 2017 WL 3267766, at *5 (S.D.N.Y. July 31, 2017).

In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court recognized an exception to the principle of sovereign immunity, which permits plaintiffs to seek prospective injunctive relief against state officials acting in their official capacities for ongoing violations of federal law. *See State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007). However, this exception does not extend to suits for retrospective relief. *See Green v. Mansour*, 474 U.S. 64, 68 (1985); *Bd. of Educ. of the Pawling Cent. Sch. Dist. v. Schutz*, 290 F.3d 476, 480 (2d Cir. 2002), *cert. denied*, 537 U.S. 1227 (2003). Relief that is "tantamount to an award of damages for a past violation of federal law" is barred, even if the relief is "styled as something else." *Papasan v. Allain*, 478 U.S. 265, 278 (1986); *see also Caruso v. Zugibe*, 646 F. App'x 101, 105 (2d Cir. 2016) (summary order). Declaratory relief is also not available where the injury occurred in the past and the state is no longer violating federal law, as the effect of such relief "would be entirely retrospective." *Ward v. Thomas*, 207 F.3d 114, 119 (2d Cir. 2000); *see also Green*, 474 U.S. at 73 (A retrospective declaration of a violation of federal law where there is no continuing violation has "much the same effect as a full-fledged award of damages," and thus is barred by the Eleventh Amendment.). In essence, a declaratory judgment is not available "when the result would be a partial 'end run' around" the application of the Eleventh Amendment. *Green*, 474 U.S. at 73.

Accordingly, the Eleventh Amendment precludes Powell's request for monetary damages. As the SED is a state agency and an arm of New York State, it enjoys sovereign immunity for all claims seeking monetary damages. *See Gulino v. Bd. of Educ. of the City Sch. Dist. of the City of New York*, No. 96-CV-8414 (KMW), 2016 WL 7320775, at *5 (S.D.N.Y.

7

July 18, 2016) ("Eleventh Amendment immunity extends to political agencies of the State and has previously been extended to the SED." (citations omitted)), *report and recommendation adopted*, 2016 WL 7243544 (S.D.N.Y. Dec. 14, 2016); *Sherman v. Harris*, No. 11-CV-4385 (DLI) (JMA), 2012 WL 4369766, at \*5 (E.D.N.Y. Sept. 24, 2012) (finding that the SED is entitled to Eleventh Amendment immunity).  Congress has not abrogated immunity with respect to § 1983 claims, and New York has not waived its immunity to such claims.  *See Bell v. Nassau Interim Fin. Auth.*, No. 16-CV-5447 (JMA) (AYS), 2019 WL 4917892, at \*3 (E.D.N.Y. Sept. 30, 2019); *Holmes*, 2017 WL 3267766, at \*5.

In addition to damages, Powell seeks back pay and a declaration that the revocation of his teaching license violated his right to due process.  Given that both forms of relief are retrospective in nature, they, too, are barred by the Eleventh Amendment.  *See Pietri v. N.Y.S. Office of Court Admin.*, 936 F. Supp. 2d 120, 129 (E.D.N.Y. 2013) (characterizing plaintiff's request for "compensation for past wrongs in the form of back pay" as retrospective relief barred by the Eleventh Amendment (citing *State Emps. Bargaining Agent Coal.*, 494 F.3d at 98)). Powell has not alleged that the SED continues to subject him to constitutional deprivations or that he will likely be deprived of his right to due process in the future.  Accordingly, his claims for damages, back pay, and declaratory relief are all barred by the Eleventh Amendment and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court recognizes that Powell also requests injunctive relief, though he does not indicate what injunctive relief he seeks, or why he believes he is entitled to such relief. However, even if the Court liberally construes the complaint to include a claim for prospective injunctive relief (which would not be barred by the Eleventh Amendment), for the reasons set forth below, that claim would fail on other grounds.

8

## II.    The SED is Not a "Person" within the Meaning of § 1983

Powell relies on § 1983, which provides a cause of action against "[e]very person" who, under color of state law, deprives a citizen of the United States "of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983; *see Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).  However, state agencies are not considered "persons" subject to suit under § 1983.  *See Ighile v. Kingsboro ATC*, No. 16-CV-4294 (AMD) (JO), 2018 WL 1970737, at \*5 (E.D.N.Y. Apr. 25, 2018) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63–66 (1989)); *Rubin v. New York State Dep't of Motor Vehicles*, No. 10-CV-4119 (NGG), 2010 WL 3842011, at \*2 (E.D.N.Y. Sept. 28, 2010).  SED, the only named defendant here, is a state agency, and therefore not a "person" within the meaning of § 1983.  *See Berkowitz By Berkowitz v. New York City Bd. of Educ.*, 921 F. Supp. 963, 970 (E.D.N.Y. 1996) (finding that SED is not subject to suit under § 1983); *King v. Pine Plains Cent. Sch. Dist.*, 918 F. Supp. 772, 783 (S.D.N.Y. 1996) (finding that SED, a political subdivision, "cannot serve as the basis for an action" under § 1983).  Powell cannot allege any facts which would state a claim against SED under § 1983.  Accordingly, to the extent Powell overcomes sovereign immunity by asserting a claim against SED for prospective injunctive relief, that claim is not cognizable under § 1983 and must be dismissed.

## III.    Time-Barred Claims

Moreover, the Court notes that some of Powell's claims are untimely.  § 1983 claims are governed by a three-year statute of limitations in New York.  *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 79 (2d Cir. 2015).  Powell's § 3020-a hearing was held in 2010, and the Appellate Division affirmed the administrative decision in 2012.  Given that Powell filed this action in 2018, his claims predicated on that hearing are time-barred.  Similarly, as a result of

9

Powell's first Part 83 hearing, the Commissioner revoked Powell's teaching license in 2013. Any claims based on this decision also fall outside the statute of limitations and are subject to dismissal. While any claim based on the Commissioner's decision to uphold the revocation of Powell's license in 2017 is timely, as explained *supra*, Powell's claim is not cognizable because the only named defendant is not a "person" as required by § 1983.

### IV.    Facial Challenge to § 3020-a

Finally, even if Powell stated a timely claim against a proper defendant, Powell's facial challenge to § 3020-a is meritless. The Second Circuit has unequivocally held that § 3020-a comports with the due process and equal protection requirements of the Fourteenth Amendment. *See Roemer v. Board of Educ. of the City of New York*, 150 F. App'x 38, 40 (2d Cir. 2005) (summary order) ("We summarily reject Roemer's facial challenge" to §3020-a, as the law "provides all the process due."). "The procedures of § 3020-a . . . are more than adequate to satisfy the Fourteenth Amendment's requirement of due process." *Blythe v. City of New York*, 963 F. Supp. 2d 158, 174 (E.D.N.Y. 2013); *see also Johnson v. Riverhead Cent. Sch. Dist.*, No. 14-CV-7130 (LDH) (AKT), 2018 WL 4344957, at *7 (E.D.N.Y. Sept. 11, 2018); *Russo v. New York City*, No. 16-CV-672 (RRM) (RLM), 2017 WL 5468882, at *1 (E.D.N.Y. Jan. 4, 2017). The Court declines Powell's invitation to hold, contrary to the law of this Circuit, that § 3020-a is unconstitutional.

### V.    Leave to Amend

District courts must afford a *pro se* litigant the opportunity to amend a complaint at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (internal quotation marks omitted) (citation omitted). In light of Powell's *pro se* status, to the extent he believes he has a plausible,

timely claim for prospective injunctive relief, he is granted leave to amend the complaint to name an appropriate state official as the defendant. If Powell chooses to amend his complaint, it must be submitted within thirty days of this order. Powell must allege facts sufficient to state an ongoing violation of federal law, including what actions the defendant personally took, or failed to take, that deprived Powell of his constitutional rights. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order. Powell is advised that the amended complaint will completely replace the original complaint, so he must include in it any allegations he wishes to pursue against a proper defendant. If Powell decides not to file an amended complaint, or fails to timely do so, the action may be dismissed and judgment may enter against Powell.

## CONCLUSION

Accordingly, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2). Powell is granted leave to file an amended complaint within thirty days of the date of this Order. All further proceedings shall be stayed for 30 days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 269 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Powell and to note the mailing on the docket.

SO ORDERED.

Dated:  Brooklyn, New York
        *Nov.* 8 , 2019

s/Roslynn R. Mauskopf

_____
ROSLYNN R. MAUSKOPF
United States District Judge

11