Darnel Powell Bey
P.O. BOX 308
HUNTINGTON STATION NEW YORK 11746
(917) 273-0919
darnelcpowell@gmail.com

May 24, 2022

RECEIVED IN PRO SE OFFICE

JUN 0 2 2022

Douglas C. Palmer- Clerk of Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **REPLY**-Powell- Bey v. N.Y.S. Dept. of Educ., et al, 18 Civ. 7022(RPK) (PK)

Dear Douglas C. Palmer- Clerk of Court:

This memorandum is in response to this court's MEMERANDUM AND ORDER prepared for dismissal. I would have sent additional correspondences prior to this ORDER; however, this court prevented Plaintiff from doing so or face sanctions as written in last document.

This court stated Plaintiff must show statutory or constitutional power to adjudicate the motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). However, Federal Rules of Civil Procedure-FRCP aren't statutes because they are not enacted by Congress (also FRCP adoption by order of the Supreme Court does not apply and cannot pass legislations). Further, they are not regulation because they are not issued by a federal administrative agency; instead (FRCP) was established by an Advisory Committee. Therefore, it is pointless to attempt to show power to adjudicate when said source does not have the power. Treaty is the measure/standard of law to resolve a dispute (also see Rule 60 (b)(1)(6)).

Furthermore, Article 20 of Treaty of Peace and Friendship 1836 states citizens of the United States shall have any dispute with a Moor, the Consul shall decide between the parties. Fortunately, Federal courts is the proper venue and have exclusive jurisdiction to handle this dispute; primarily due to a dispute between parties from different states. Therefore, this court has subject-matter jurisdiction to hear this dispute based on the Plaintiff (me) must be a citizens of a different U.S. states than the defendant and lawsuit's amount in controversy must be greater than $75,000. Therefore, the court's inappropriately/incorrectly applied the law as it pertains to pg. 8- I State-Law Claims; A Subject-Matter Jurisdiction; throughout the entire ORDER.

Morocco - Treaty of Peace; September 16, 1836 (see exhibit participating parties of the treaty U.S.A. and Morocco).
Article 20- If any of the citizens of the United States, or any persons under their protection, shall have any dispute with each other, the Consul shall decide between the parties; and whenever the

Consul shall require any aid, or assistance from our government, to enforce his decisions, it shall be immediately granted to him.
Moreover, section 2 of the Article 111 describes the jurisdiction of the federal courts. Jurisdiction is the power of a court to hear a case, so this section tells us what kinds of cases federal courts will hear. All cases that arise under the Constitution, the laws of the United States or its treaties (see U.S. Constitution Article 111 section 2 clause 1).

Plaintiff is a Moor and can never be an U.S. citizen due to the Dredd Scott case and the 14th Amendment was never ratified. Also, Plaintiff is a citizen of the Body Politic- Moorish National Republic Federal Government North East Amexem Territories and Dominions. Defendants are identified as U.S. citizens. Again, this federal court make decision on disputes involving various things but especially disputes between residents of states and disputes involving more than $75,000.00.

Whereas, statute of limitations does not apply due to FRCP has not been enacted by Congress. Plaintiff has filed complaint against SED-parent which in turn applied directly with infant/minority Westbury School District (see file # 2: 21 cv-01179; 2:18 cv-02638; & 2:18 cv-07022). State Education Department governs the school district therefore when claimed was filed against SED-Westbury was directly involved et. al.

Whereas, statute of limitations is not mentioned in the article of treaty; therefore, it does not apply to this dispute because treaties supersede FRCP. Statute of limitation apply solely to citizens of USA; however, it doesn't apply to this case. This court has not provided treaty case law to support their claim. As mentioned, the treaty makes no mention of statute of limitations.

However, I am submitting my motion to re-argue my complaints filed by Steven Morelli/Chauncey Henry as a per se litigant via et al (ET ALIUS. And another. The abbreviation et al. (sometimes in the plural written et als.) is often affixed to the name of the person first mentioned, where there are several plaintiffs, grantors, persons addressed, etc. See In re McGovern's Estate, 77 Mont. 182, 250 P. 812, 815; Anderson v. Haas, 160 Ga. 420, 128 S.E. 178, 179; Conery v. Webb, 12 La.Ann. 282; Lyman v. Milton, 44 Cal. 630). The other defendants including Westbury School District and Westbury School District Board Members Trustees etc.

ET AL. An abbreviation for et ali, "and others." Mitchell v. Mason, 90 Fla. 192, 105 So. 404, 405. The singular is "et alius" (q. v.). It may also mean "and another" in the singular. Babb v. Dowdy, 229 Ky. 767, 17 S.W.2d 1014, 1016; Glen Falls Indemnity Co. v. Manning, La.App., 168 So. 787, 788. , Where the words "et al." are used in a judgment against defendants, the quoted words include all defendants. Williams v. Williams, 25 Tenn.App. 290, 156 S.W.2d 363, 369.

New York State Education Department is the governing agency of New York State School Districts. With that said, filing a claim against New York State Education Department is coupled with filing a claim against Westbury School District. SED is the parent and Westbury School District is the infant/minor. Further, et.al. is applied in this claim. Making a complaint against SED or Westbury School District is one in the same. For example, Plaintiff was terminated from

Westbury School District in year 2010. In turn, SED revoked Plaintiff teaching certification in year 2012. The Westbury School District and SED work in tandem as it should.

As a pro se litigant, I should not be held to the same high standards of perfection as the Defendant's attorney (see Jenkins v. McKenith, Picking v. Pennsylvania Railroad Co. and Puckett v Cox). Also, officials (hearing officers) and judges deemed to know the law and sworn to uphold the law; they cannot claim to act in good faith and willful deprivation and cannot plead ignorance of the law (see Owens v. City of Independence and Hayer v. Mello). With that said, Gloria E. Jones Khan's affidavit verify the legitimacy of Plaintiff's claim and was used a witness' statement or evidence in this dispute.

Dated: May 24, 2022

Respectfully Submitted,

_____

Darnel Powell Bey authorized representative Ex. Rel. DARNEL POWELL
P.O. Box 308
Huntington Station. N.Y. 11746
(917) 273-0919
darnelcpowell@gmail.com
All rights reserved – U.C.C. 1-308, A free Moor, In Full Life, In Propria Persona
Sui Juris

Darnel Powell Bey
P.O. BOX 308
HUNTINGTON STATION NEW YORK 11746
(917) 273-0919
darnelcpowell@gmail.com

May 24, 2022

RECEIVED IN PRO SE OFFICE

JUN 02 2022

Douglas C. Palmer- Clerk of Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **REPLY**-Index #: 1:21-cv-05714-RPK-PK, 21-CV-2048 (RPK) (PK), 2:21CV-01179(JS)(AKT), 2:18CV-02638(SJF)(ARL), 2:18-CV-07022(RPK)(PK), 1:21-cv-05713-RPK-PK

Dear Douglas C. Palmer-Clerk of Court:
This is the Plaintiff's 3rd (third) **REPLY** including correspondences submitted/dated April 16, 2022, and May 9, 2022 regarding the court's latest ORDER.

Further, this court is aware that treaties including the appropriate parties supersede the Federal Rules of Civil Procedure. However, if FRCP was the lawful measure/instrument to resolve this dispute between the two foreign nationals, additionally then Rule 60 (b)(1)(6) would apply.

However, if this court was able to lawfully reference (FRCP) the Defendant's refusal to offer a counterclaim response to Plaintiff's response to this court is appropriate to grant judgement for the Plaintiff. This court should rule in Plaintiff's favor due to Defendant's non-response etc. (see Rule 12 Rule 55 and Rule 60(b)). This court has 10 days after service to act on a Plaintiff's require (see Rules 8, 9, 18, or 41).

Further, Plaintiff's claim in this case should be ruled in the Plaintiff's favor with a favorable finding on this issue. Defendant's Attorney refused to answer Plaintiff's motions is evident enough (according to your Rule 12(b)- a party must serve an answer to said documents within 21 days).

Lastly, it is clearly evident that Plaintiff's complaint is a strong case for the judicial system due to treaty contracts and it lawful and appropriate for a deposition to commence as previously schedule by Plaintiff followed by placing a trial by jury on the court's calendar.

Respectfully submitted,
Darnel Powell Bey
Ex. Rel DARNEL POWELL
Pro Se
All rights reserved – U.C.C. 1-308, A free Moor, In Full Life, In Propria Persona Sui Juris

 

U.S. POSTAGE PAID
FCM LG ENV
ELMONT, NY
11003
MAY 31, 22
AMOUNT
**$8.76**
R2305K135112-17

1000   11201

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN -2 2022 ★

BROOKLYN OFFICE

...as C. Palmer - Clerk of Court
...ted States District Court
...tern District of New York
... Cadman Plaza East
...ooklyn, New York
        11201

Darrel Pruitt Bey
P.O. Box 308
Huntgtn Stn NY
11746

CERTIFIED MAIL
7018 2290 0000 7133 7572

Doug
Uni
Eas
225
Br